UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ERNESTO LUGO | § | |
|     *Plaintiff*, | § | |
| | § | |
| V. | § | Civil Action No. |
| | § | |
| ROY PADILLA, Individually & in his | § | |
| Representative Capacity as Chief of Police | § | |
| For the DONNA INDEPENDENT SCHOOL | § | |
| DISTRICT & Unknown Co-Conspirators | § | |
|     *Defendants.* | § | |

## ERNESTO LUGO'S ORIGINAL COMPLAINT

### INTRODUCTION

Comes now the Plaintiff, by and through counsel, and in support of his claims against the above named and unnamed Defendants respectfully states:

### NATURE OF THE ACTION

1. This is a civil rights lawsuit brought by the Plaintiff, Ernesto Lugo, a victim of false arrest by the DONNA INDEPENDENT SCHOOL DISTRICT Chief of Police. Pursuant to 42 USC 1983 and 42 USC 1988 compensatory and punitive damages are sought against the police officer(s) involved in the charges made by the Defendant Chief of Police of the DONNA INDEPENDENT SCHOOL DISTRICT. Charges and Damages are also sought against all other members of the DONNA INDEPENDENT SCHOOL DISTRICT Police Department who were co-conspirators in seeking the arrest on false charges against Plaintiff. Plaintiff also seeks Charges and Damages against several unknown Co-Conspirators.

–1–

## PARTIES

2. Plaintiff, Ernesto Lugo, resides in Hidalgo County, Texas.  Ernesto Lugo at all times was a member of the Donna Independent School District Board of Trustees.

3. Defendant, Roy Padilla, is an individual who may be served with service of process at his office located at 215 N. 11th St. Donna, Texas 78537.

4. Defendant Donna Independent School District may be served by serving its superintendent, Fernando Castillo at 904 Hester Ave. Donna, Texas.

5. Defendant Joseph McCandless may be served with service of process at his office located at 215 N. 11th St. Donna, Texas 78537.

## JURISDICTION & VENUE

6. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, and under the Civil Rights Act of 1871, 42 U.S.C. Sections 1983 and 1988. This Court has jurisdiction of this cause under 28 U.S.C. Sections 1331 and 1343.

7. Venue is proper under 28 U.S.C. section 1391 in that the Defendants and Plaintiff reside and the cause of action arises in Hidalgo County, Texas which is within the venue of the Southern District of Texas McAllen, Division.

## FACTS

8. On or about April 15, 2015 Defendant Roy Padilla acting in his individual and official capacity began a series of surreptitious audio recordings of Plaintiff Ernesto Lugo. Defendant was an employee of the Donna ISD and was its Chief of Police.

9. On or about April 16, 2015 Defendant once again, without advising Plaintiff, secretly tape recorded his meeting with the Plaintiff.

10. On April 17, 2015 Defendant Padilla once again, without advising Plaintiff, secretly tape recorded a meeting between himself, Plaintiff and then superintendent Jesus Rene Reyna.

11. The purpose of the tape recording was to entrap Plaintiff into admitting that Plaintiff wanted the Defendant to cease an investigation into Superintendent Reyna and or his family members.

12. In return Defendant sought to have Plaintiff agree, along with Superintendent Reyna, to provide him with a mileage stipend, thereby seeking to have him accused of bribery.

13. The tape recordings were then used to fabricate a complaint against Plaintiff which led to his unlawful arrest on charges of Bribery, Obstruction and Retaliation on May 29, 2015. Said charges were later "No Billed" by a Hidalgo County grand Jury.

14. Prior to these illegal actions by the Defendants, Plaintiff had voted to terminate Defendant Padilla's employment as chief of the Donna ISD police department upon the recommendation of then superintendent Jesus Rene Reyna on or about May 15, 2014.

15. Defendant Padilla was an at-will employee of the Donna ISD.

16. As a result of his termination Defendant Padilla filed a lawsuit against the Donna ISD.

17. In November of 2014 the majority on the Donna ISD board of trustees changed and the new majority voted to reinstate Padilla to his former position, after paying him approximately $50,000.00 for the settlement of his lawsuit.

18. Thereafter Padilla with the assistance of Defendant McCandless and others unknown at this time to the Plaintiff began to conspire in order to have Plaintiff, Ernesto Lugo, falsely arrested, without probable cause, and falsely imprisoned Plaintiff in order to extract revenge for Defendant Padilla's termination.

19. The Defendants' actions were under the color of law.

20. The Defendants' actions were reckless and callously indifferent to the Plaintiff's federally protected rights.

21. The use of the investigative power of the Donna ISD police force against Plaintiff was the result of a policy, practice and custom of the Donna ISD to inadequately supervise and discipline law enforcement officers who exceeded their authority, including falsely arresting individuals, falsely accusing individuals without probable cause and making false allegations in arrest and search affidavits.

22. The inadequate supervision and discipline of police officers by the Donna ISD has led to the unnecessary and illegal arrest, including the arrest of Plaintiff.  The false arrest of the former superintendent Dr. Jesus Rene Reyna and the false arrest of Dr. Reyna's son in law.

23. The policy, practice and custom of the Donna ISD is that when police officers falsely accuse and swear out false complaints and falsely arrest individuals there are no repercussions.   As a result of these illegal actions, there is no reprimand, discipline or corrective action of the officers for their actions, thereby condoning their actions by their employer, in violation of the federally protected rights of individuals under the First, Fourth, Fifth and Fourteenth amendments to the Constitution of the United States of America, such as the Plaintiff.

24. The above policies and practices have resulted in culture of "silence" within the Donna ISD police department and police officers reasonable conclude that their use of their authority in an unlawful manner will not result in discipline, termination, or criminal prosecution against them.

25. There is a history of false arrests by the Donna ISD police department including that of the Plaintiff, that of Dr. Jesus Rene Reyna and Dr. Reyna's son-in-law.

26. The actions by the Defendants Padilla and McCandless were authorized by the Donna ISD board of trustees if not explicitly then implicitly.  No action was ever taken by the employer to correct the actions taken by the defendants Padilla or McCandless.  No reprimands were ever issued to the individual defendants, nor was there ever any action to illuminate their defective interpretation of the Texas Penal code.

27. The actions taken by the individual defendants and either explicitly or implicitly approved by the majority of the board of trustees in in Violation Texas Penal Code sections 39.02 abuse of official capacity, 30.03 official oppression and violation of section 37.02 perjury.

28. In December and January of 2015 the Defendant ISD moved to demote and cut the pay of several individuals. Plaintiff was opposed to such action by the majority and voiced his dissent with the action that was to be taken.  In spite of his opposition to such action, which Plaintiff believed was in violation of state and federal laws, the Defendant ISD demoted and reduced the pay of certain individuals.  As a result of the action taken by the District a lawsuit was spawned in cause no. 7:15-CV-070 styled Jose V. Campos et al v Donna ISD et. al. which resulted in a significant monetary award.  Plaintiff upon information and belief was retaliated by the majority of the Donna ISD board for his outspoken opposition to the action taken by the majority.  As a result of his opposition to the action against these individuals, Defendants were motivated  in part if not in whole in retaliation for the opposition to the actions.

## CLAIMS

29. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 28.

30. The Defendants' actions constituted an unlawful deprivation of Plaintiff's liberty without due process of law in violation of the First, Fourth, Fifth and Fourteenth Amendment to the United States Constitution.

31. As a result of the above alleged illegal acts, Plaintiff has suffered emotional pain, suffering, and inconvenience, mental anguish loss of enjoyment of life and other nonpecuniary losses.

32. As alleged in detail in the facts portion of this petition, Plaintiff, Ernesto Lugo's arrest was illegal, unlawful and constituted a violation of his rights under 42 USC 1983.

33. As alleged in detail in the facts portion of this petition, Plaintiff, Ernesto Lugo's arrest was without probably cause and was in retaliation of his exercise of his rights as a board member of the Donna ISD board of trustees in terminating Defendant, Padilla.

34. As alleged in detail in the facts portion of this petition, Defendants Padilla and McCandless conspired with others to commit the false arrest of Plaintiff.

35. The actions by the Defendants Padilla and McCandless constitute criminal conduct pursuant to Texas Penal Code §39.03, Official Oppression, §37.02 abuse of official capacity and §37.02 perjury.

36. The Donna ISD was negligent in failing properly train the defendants in proper police investigation and procedures.

37. The Donna ISD was negligent in employing the Defendants Padilla and McCandless.

38. As a result of the actions of the Defendants Plaintiff, Ernesto Lugo, has suffered actual and compensatory damages.

**Jury Trial Requested**

39.  Plaintiff, Ernesto Lugo, requests a trial by jury.

40. WHEREFORE, Plaintiff, prays that the Court enter judgment in his favor and against Defendants Padilla, McCandless and the Donna Independent School District and award Plaintiff the following:

   a. Compensatory damages arising from the physical and emotional injury, pain suffering, loss of reputation and humiliation Plaintiff suffered as a result of defendants misconduct;

   b. Punitive damages as allowed by law;

   c. Prejudgment interest as allowed by law;

   d. Post-judgment interest as allowed by law;

   e. Attorney's fees;

   f. Court costs; and

   g. Such other legal and equitable relief ultimately justified by the proof in this case.

Respectfully submitted,

*/s/Ruben R.Peña*
RUBEN R. PENA
Attorney in Charge
S.B.N. 15740900
Federal  I.D. No. 1216
125 Old Alice Rd.
Brownsville, Texas 78520
956-546-5775 (tele)
956-546-5778 (fax)
Riolaw1@aol.com